CHARLES C. OVERTON and Others, Respondents, *v.* THE CITY OF NEW YORK, Appellant.

Second Department, July 31, 1917.

Municipal corporations — city of New York — charter, section 960, curing irregularities in assessments, construed — said section not applicable to erroneous assessments in adjoining municipalities prior to consolidation.

Section 960 of the charter of Greater New York, providing that assessments are not to be set aside for certain irregularities, is applicable only to the city of New York as its borders were enlarged by the consolidation.

But the statute, curative in its nature, is not effective to sustain old assessments illegally laid in adjoining municipalities before, by union

with New York city, the levies to enforce the same could be brought under said charter provision.

Hence, where the board of assessors of the former town of Gravesend and the former city of Brooklyn, prior to the consolidation with the city of New York, totally failed to give the statutory notice of publication either in the original apportionment of an assessment or afterwards, the defect was not cured by the subsequent enactment of section 960 of the charter.

APPEAL by the defendant, The City of New York, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Kings on the 6th day of January, 1917, upon the decision of the court after a trial at the Kings County Special Term.

*Charles J. Nehrbas* [*Lamar Hardy, Corporation Counsel,* and *Terence Farley* with him on the brief], for the appellant.

*Charles L. Woody,* for the respondents.

PER CURIAM:

The Court of Appeals has sustained assessment installments on lands in the former town of Gravesend apportioned over a period of forty years pursuant to Laws of 1893, chapter 171, which came due and have been included in successive tax levies of Greater New York. The Gravesend board of assessors had totally failed to give the statutory notice of publication, either in the original apportionment, or afterwards. This defect had been attempted to be set up as to installments included in tax levies for the years 1900–1908, after consolidation. It was, however, determined that such omission was not a ground to attack and annul such assessments, which had come under section 960 of the charter of Greater New York. (*Young* v. *Wenz,* 218 N. Y. 329.) But in the case at bar the tax levies invalidated by the judgment under review were levied by the officials of Gravesend and of the former city of Brooklyn, prior to consolidation, when no such provision as charter, section 960, applied either to Gravesend or to Brooklyn, with which Gravesend was united in 1894 (Laws of 1894, chap. 449).

The plaintiffs and their predecessor in interest have been deprived of the protection which the law intended should be afforded. Being so, we cannot dispense with the performance of that condition, or assume to say whether the

failure to observe it has produced actual injury in any particular case. (*Matter of Anderson,* 60 N. Y. 460; *Matter of Emigrant Industrial Savings Bank,* 75 id. 388; *Matter of Robbins,* 82 id. 131; *Matter of Pennie,* 108 id. 364.)

Certain local conditions in the city of New York from early times have moved the Legislature to enact curative provisions which are exceptional in their scope, and are limited to the city of New York. No doubt they reach and apply to all this municipality, as its borders are enlarged. But we are not at liberty, by judicial construction, to resort to such special provisions to sustain old assessments illegally laid in adjoining municipalities before, by union with New York, the levies to enforce same could be brought under the *ægis* of this charter provision.

The judgment is, therefore, affirmed, with costs.

JENKS, P. J., THOMAS, MILLS, PUTNAM and BLACKMAR, JJ., concurred.

Judgment affirmed, with costs.