CHARLES C. OVERTON et al., Respondents, *v.* THE CITY OF NEW YORK, Appellant.

**Assessments — street opening — Gravesend (town of) — assessments made for opening West Twelfth street, Gravesend, in 1893 not prematurely levied — effect of section 960 of Greater New York charter as a validating act for assessments made in territory subsequently made part of Greater New York.**

1. When section 960 of the Greater New York charter (L. 1901, ch. 466) took effect it applied to assessments " heretofore made." Hence it is immaterial so far as the effect of that statute is concerned whether assessments levied for local improvements by the officials of the town of Gravesend (L. 1892, ch. 118; L. 1893, ch. 171) were made *prior* or subsequent to the consolidation. (*Young* v. *Wenz,* 218 N. Y. 329, followed.)

2. The assessment made for opening of West Twelfth street in Gravesend for 1893 was not levied prematurely, under sections 2 and 4 of chapter 171 of the Laws of 1893. The first assessments both for the opening and the grading were properly levied on August 1, 1893, and nothing in the act required the forty-year period therein provided for to begin on August 1, 1894.

*Overton* v. *City of New York,* 179 App. Div. 219, reversed.

(Argued March 15, 1918; decided March 26, 1918.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered August 6, 1917, affirming a judgment in favor of plaintiffs, entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William P. Burr,* Corporation Counsel (*Terence Farley* and *Charles J. Nehrbas* of counsel), for appellant. The failure of the board of assessors of the city of Brooklyn to advertise prior to the levying of the installments in the years 1894, 1895, 1896 and 1897 did not invalidate these installments. (*Young* v. *Wenz,* 218 N. Y. 329; *Matter of Wilkins Place,* 54 N. Y. Supp. 65; *Matter of Mayor, etc.,* 33 App. Div. 365; 158 N. Y. 668; *Tifft* v. *City of Buffalo,* 82 N. Y. 204; *Hatzung* v. *City of Syracuse,* 92 Hun, 203; *Smith* v. *City of Buffalo,* 159 N. Y. 427.) The installments of 1893 were not prematurely levied. (L. 1892, ch. 118; L. 1893, ch. 171.)

*Charles L. Woody* for respondents. The failure of the board of assessors of the city of Brooklyn to advertise prior to the levying of installments in the years 1894, 1895, 1896 and 1897 invalidated those installments. (L. 1893, ch. 171, § 2; *People ex rel. Moller* v. *O'Donnell,* 183 N. Y. 12; *People ex rel. Empie* v. *Smith,* 216 N. Y. 99; *Weeks* v. *City of Middletown,* 107 App. Div. 589; *Matter of Pennie,* 108 N. Y. 365; *Stuart* v. *Palmer,* 74 N. Y. 183; *Security Tr. Co. & S. W. Co.* v. *Lexington,* 203 U. S. 333; *People* v. *Turner,* 117 N. Y. 237; *N. P. Assn.* v. *Lloyd,* 167 N. Y. 436; *Merritt* v. *Vil. of Portchester,* 71 N. Y. 310; *People ex rel. O'Reilly* v. *Common Council of Kingston,* 189 N. Y. 66.) The installments of 1893 were prematurely levied. (*Matter of Gilfeather,* 101 App. Div. 153; *N. P. Assn.* v. *Lloyd,* 167 N. Y. 431.)

POUND, J. This is an action to recover the amount paid on certain assessments levied on lot 22 in the years 1893, 1894, 1895, 1896, 1897 for the opening and the grading of West Twelfth street in the town of Gravesend, on the ground that they were illegal and void. The

original local assessments upon plaintiffs' lot were as follows: opening proceeding, confirmed December 30, 1892, $211.65; grading proceeding, confirmed June 18, 1893, $9,590.00. Chapter 171, Laws of 1893, provides for the assessment in forty annual installments of assessments theretofore or thereafter levied for local improvements.

In *Young* v. *Wenz* (218 N. Y. 329) the plaintiff sought to foreclose a tax lien which he acquired by assignment from the city of New York. It was held that under the statutes relating to local assessments in the town of Gravesend (L. 1892, ch. 118; L. 1893, ch. 171) so far as they required notice to be given of a meeting of the board of assessors for the apportionment into forty annual installments of amounts previously assessed for local improvements, " there was no substantial error committed by the failure to give further notice," the original proceedings having provided for proper notice. It was also held that as to all assessments imposed after these statutes took effect, the legislature had authorized the city to disregard the requirement of further notice by section 960 of the city charter which afforded relief from technical objections.

The principal question in this case is whether the decision of this court in *Young* v. *Wenz* (*supra*) as to the effect of failure to publish notices under chapter 171, Laws of 1893, applies to assessments levied by the officials of the town of Gravesend *prior* to the consolidation of the various municipalities constituting Greater New York. Consolidation was effective January 1, 1898. The assessments here involved were for the years 1893 to 1897, inclusive. In *Young* v. *Wenz* the assessment which was upheld was levied after consolidation. It is urged that section 960 did not apply because it was not in force when the assessments here reviewed were levied. The court below says: " Certain local conditions in the

city of New York from early times have moved the legislature to enact curative provisions which are exceptional in their scope, and are limited to the city of New York. No doubt they reach and apply to all this municipality, as its borders are enlarged. But we are not at liberty, by judicial construction, to resort to such special provisions to sustain old assessments illegally laid in adjoining municipalities before, by union with New York, the levies to enforce same could be brought under the ægis of this charter provision." (179 App. Div. 219, 221.) But when the Greater New York charter took effect, section 960 applied to assessments " heretofore made " and it applied to Greater New York. I fail to see how " the ægis of this charter provision " can be withheld from the assessments theretofore or thereafter made in Gravesend. No one has a vested right in a technical defense to an assessment. (*Tifft* v. *City of Buffalo*, 82 N. Y. 204, 210.) The original assessments were regularly made (*Matter of Sackett, D. & D. Sts.*, 74 N. Y. 95, 107; *French* v. *Barber Asphalt Paving Co.*, 181 U. S. 324, 344) and it seems immaterial whether they were made prior to the act of 1893 or subsequent thereto, so far as the effect of section 960 is concerned.

It is urged that the assessment for 1893 was levied prematurely, under sections 2 and 4 of chapter 171 of the Laws of 1893. The act took effect March 22, 1893. This assessors were immediately to ascertain the unpaid assessment and the expense of all local improvements the cost of which had not been assessed when the act took effect, and compute them with interest to August 1, 1893. This included both the opening and the grading assessment. They were then for forty years *thereafter*, on the first day of August in each year, to assess one-fortieth of the total assessment against the property benefited. The first assessments both for the opening and the grading were, therefore, properly levied on August 1, 1893, and

nothing in the act required the forty-year period to begin on August 1, 1894. "Thereafter" relates to the ascertainment of the whole amount of the assessment, not to the 1st day of August, 1893, although the language is somewhat lacking in definiteness on that point.

I recommend that the judgments should be reversed and the complaint dismissed, with costs in all courts.

HISCOCK, Ch. J., CHASE, HOGAN, CARDOZO, McLAUGHLIN and ANDREWS, JJ., concur.

Judgment accordingly.