Dore, J.
Plaintiffs, owners of real property in ward 5, borough of Queens, city of New York, sue to recover sums of money paid by them under protest to defendant City of New York, as assessments levied against their respective parcels for the construction of a local improvement in Queens Borough known as the Brookhaven sewer. Plaintiffs contend the. assessments were void and illegal because of alleged failure to give required public notice, particularly notice of submission of the petition initiating the proceedings before the proper local board of the district of Jamaica on May 13, 1931. Plaintiffs also contend inter alia that there was no public necessity for the sewer; that the action of the Board of Estimate in 1939 approving it was void as necessarily based on the void preliminary proceedings before the Jamaica board; and that such approval was two *333 years after the preliminary authorization contrary to subdivision a of section 300 of the New York City Charter (1938).
Defendant admits the adoption of various resolutions and pleads denials and four separate defenses.
The first defense is that the Board of Estimate duly approved the district plan and the preliminary authorization and, after published notice of public hearings and hearings had, granted final authorization which was approved by the mayor; thereafter, after notice and public hearings, the Board of Assessors properly apportioned the assessments and the Board of Revision of Assessments duly confirmed.
The second defense pleads section 311-4.0 of the Administrative Code of the City of New York prohibiting vacating or setting aside assessments for any omission to advertise or irregularity in advertising or by reason of any irregularity or technicality.
The third defense pleads section 311-6.0 of the Administrative Code prohibiting the court from vacating or reducing any unpaid assessment and limiting the recovery of any money paid for assessments to the excess of such assessments over the'amount that should have been assessed for the fair value or cost of the improvement.
The fourth defense pleads section 311-7.0 of the Administrative Code which provides that no proceeding may be brought to vacate or reduce an assessment one year after the confirmation thereof. The defense alleges that this action was instituted more than one year after such confirmation and is accordingly barred.
Plaintiffs moved to strike out the four defenses. Defendant made a cross motion to dismiss the complaint under rule 106 of the Rules of Civil Practice and for judgment on the pleadings under rule 112. In separate orders the court at Special Term (1) denied plaintiffs’ motion and held all the defenses good; and (2) also denied defendant’s motion. Both appeal.
In a prior suit, a taxpayer sought to enjoin construction of the same sewer, the levy and collection of the same assessments, essentially on the same state of facts alleged by the present plaintiffs in this action. This court affirmed an order dismissing the prior complaint for failure to state a cause of action (Bickman v. City of New York, 258 App. Div. 1044). The Court of Appeals affirmed, but in a memorandum stated that the validity of any assessment imposed “ may be challenged hereafter. We do not pass now upon such question.” (Bickman v. City of New York, 283 N. Y. 734.)
*334 Both these appeals present only questions of law, the sufficiency of the complaint and defenses; and the record discloses no material issues of fact. We think Special Term erred in not granting defendant’s motion to dismiss and for judgment on the pleadings in defendant’s favor.
The pleadings disclose that, following a resolution of the Board of Estimate and Apportionment in 1930, the then acting borough president of Queens signed the petition for the construction of the Brookhaven sewer on March 31, 1931, and presented it to the proper local board of Jamaica on May 31, 1931. The published notice, however, had stated that the petition would be submitted to the Newtown local board in Long Island City, which had no jurisdiction. Plaintiffs accordingly contend that the proceedings were initiated without the required public notice and that the failure to give such notice makes the whole proceeding and the subsequent assessments totally void.
Section 428 of the Greater New York Charter, in effect when the Brookhaven sewer proceedings were initiated, expressly provided that the Board of Estimate and Apportionment might initiate such proceedings “ without the action of any local board.” In this case the petition was not “ received ” by the borough president from local property owners, but originated with him. He, himself, following a resolution of the Board of Estimate, signed and filed the petition. The new charter, not effective until January 1,1938, long after the presentation of the petition herein, requires notice and publication of local board resolutions whether the petition “ originates ” or is “ received ” by the borough president (New York City Charter, § 295). But the Greater New York Charter, in effect when this sewer proceeding was begun, required the notice in question when the petition had been “ received by the president of the borough,” but had no provision as to such notice when the petition had originated with the borough president (Greater New York Charter, § 432).
The assessments challenged were not adopted and confirmed without notice to or an opportunity for the public and the taxpayers to be heard. The complaint does not allege that the final authorization of the Board of Estimate was adopted without notice and public hearings. The pleadings establish without contradiction that on November 17, 1938, the Board of Estimate granted preliminary authorization in conformance with amended resolutions adopted by the Jamaica local board, and passed a further resolution requiring notice of a public hearing for final *335 authorization to be published for ten days in the City Record prior to December 8, 1938; that such public notice of public hearing was duly given, and public hearing was held by the Board of Estimate on December 8,1938; and that such hearing was duly adjourned from time to time until on February 2,1939, the Board of Estimate adopted a resolution granting final authorization for the construction of the sewer.
There was also notice of public hearings before the Board of Assessors; objections were filed and public hearings had thereon, and the assessments were finally confirmed by the Board of Revision.
Plaintiffs’ contentions are essentially the same as those made in the prior litigation that the erroneously published notice of presentation of the petition to the Newtown board and actual presentation to the Jamaica board, completely invalidate the whole proceeding and all subsequent actions taken thereon. Greater New York Charter (§ 960), and its provisions carried over into section 311-4.0 of the Administrative Code, pleaded as a complete defense, answer all plaintiffs’ contentions. Section 960 provided that no assessment “ for any local improvement * * * shall hereafter be vacated or set aside for or by reason of any omission to advertise, or irregularity in advertising any * * * notice, or other proceeding relative to * * # the improvement or work for which such assessment shall have been made or imposed, * * * or for or by reason of any irregularity or technicality, except only in cases in which fraud shall be shown * *
In this case no fraud is claimed. But plaintiffs contend these statutory provisions are inapplicable as plaintiffs do not seek to vacate or set aside the assessments but merely prosecute an action at law for money had and received. But in this action, instituted after the decision of the Court of Appeals in Bickman v. City of New York (supra) these plaintiffs necessarily challenge the validity of the assessments and cannot recover at all until the assessments are judicially declared null and void ab initio.
We think, too, that section 960 has not the limited scope plaintiffs seek to give it. In Young v. Wenz (218 N. Y. 329) the Gravesend Board of Assessors had failed to give statutory notice of publication either in the original apportionment into forty annual payments of amounts previously assessed for local improvements or afterwards; but it was held that such omission was not a ground of attack to annul- assessments made after the enactment of section 960 of the Charter. The Court of *336 Appeals said: “ The respondent argues that section 960 of the charter refers only to affirmative proceedings taken to annul assessments * * *.
11 Section 960 of the charter is an independent statutory provision, both in its origin and in its force and effect, in no way resting upon sections 958 and 959. It is a broad and general enactment regarding local assessments, and it controls whether the assessment is directly or collaterally attacked. Local assessments are declared to * be valid and binding notwithstanding any such omission, irregularity, defect in authority or technicality ’ as specified in the section.” If plaintiffs’ litigation is not a direct, it is necessarily a collateral attack on the assessments requiring that they be held illegal and void and accordingly vacated.
In cases relied on by plaintiffs the claimed irregularity was not cured by the broad statutory enactments applicable to the case before us.
In Overton v. City of New York (223 N. Y. 199, 202), applying section.960 and citing Young v. Wenz (supra) the court said: “ No one has a vested right in a technical defense to an assessment. (Tifft v. City of Buffalo, 82 N. Y. 204, 210.) ”
Assuming without deciding that the two-year limitation provided for in subdivision a of section 300 of the New York City Charter (1938) applies, we hold the final resolution of February 2,1939, was legal and timely. The preliminary authorization was by amendment brought down to November 17, 1938. The final authorization was on February 2,1939, less than three months thereafter.
In view of our conclusion, it is unnecessary to discuss seriatim the sufficiency of all four defenses. In their brief however, plaintiffs admit that if the fourth defense, the one-year Statute of Limitations, is good, the court should have dismissed the complaint. Thereby they concede that the effective date of the summons as shown in the record, is more than one year from the date of final confirmation of the assessment. The record supports this. The complaint shows that the Board of Revision confirmed the assessment on June 19, 1944. The action was instituted in November, 1945, more than one year thereafter. Accordingly, if the statute (Administrative Code, § 311-7.0) applies, the action is clearly barred. But plaintiffs say the statute1 is inapplicable as it relates to proceedings brought to vacate or reduce an assessment, whereas, they urge, the present action is not to vacate or reduce but for money had and received under assessments which no longer exist after they have been *337 paid. As pointed out above, plaintiffs cannot recover back the moneys sought to be recovered without showing that the assessments were absolutely void, illegal and without jurisdiction. In fact if not in form plaintiffs necessarily challenge the assessments themselves. The one-year statute applies.
The complaint shows that the cost of the sewer, $237,800, was apportioned over property having an assessed value of $14,769,100. Plaintiffs have use of the sewer, a local improvement with all the substantial benefits it confers upon their parcels in the locality in question; but they seek to avoid paying for it by local assessment. Obviously their claim with regard to the wisdom or necessity of the improvement may not here be heard (Campbell v. The City of New York, 244 N. Y. 317, 328). We think their challenge to the validity and legality of the assessment is also without merit.
Special Term denied the motion to dismiss, holding that denials in the answer raised issues requiring trial. But the cross motion was a demurrer to the complaint which searched the whole record; even without such cross motion the same result would follow under the 1944 amendment to rule 109, subdivision 6. On the relevant and undisputed facts and the law applicable thereto, the court should have granted defendant judgment on the pleadings and dismissed the complaint.
The order appealed from denying defendant’s cross motion should be reversed, with $10 costs and disbursements to the defendant and judgment on the pleadings entered in defendant’s favor dismissing the complaint. The order appealed from denying plaintiffs’ motion to strike out the defenses should be affirmed, with $10 costs and disbursements to the defendant.
Martin, P. J., Townley, G-lennon and Cohn, JJ., concur.
Order denying defendant’s cross motion unanimously reversed, with $10 costs and disbursements to the defendant and judgment on the pleadings directed to be entered in defendant’s favor dismissing the complaint. Order denying plaintiffs’ motion to strike out the first, second, third and fourth separate and complete defenses .unanimously affirmed, with $10 costs and disbursements to the defendant. Settle orders on notice.